**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50910
Summary Calendar

In the Matter of DAVID MARVIN SWIFT, doing business
as State Farm Insurance,

Debtor.

MARTIN W. SEIDLER,

Defendant-Appellant,

VERSUS

DAVID M. SWIFT,

Plaintiff-Debtor-Appellee.

Appeal from the United States District Court
For the Western District of Texas

(SA-96-CV-918)

May 1, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Martin W. Seidler ("Seidler") comes to this court complaining

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

of the legal judgment made by the bankruptcy and district courts regarding the status of the debtor David M. Swift's ("Swift") legal malpractice claim against Seidler at the time of the filing of the bankruptcy case. Swift brought the malpractice claim against Seidler in state court after the commencement of the bankruptcy case. The two lower courts both found that under Texas law, the claim had not yet accrued as of the time of the petition's filing, and thus was not property of the estate. They also found that Swift's interest in his unaccrued malpractice cause of action was not a property interest recognized by Texas law.

Section 541(a)(1) of the Bankruptcy Code defines the property of the bankruptcy estate as "...all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A cause of action belonging to a debtor as of a petition's filing becomes property of the estate. *La. World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988); *see also In re Wischan*, 77 F.3d 875, 877 (5th Cir. 1996).

We agree with the two lower courts' well-reasoned opinions that under Texas law, Swift's malpractice claim had not yet accrued at the time of the petition's filing. We also agree that the debtor's interest in the unaccrued cause of action at the time of the petition's filing was not a contingent property interest under Texas law, and thus was not property of the bankruptcy estate under Seidler's alternative theory of a contingent or inchoate interest.

2

Accordingly, we AFFIRM the judgments of the bankruptcy and district courts.